**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Randy W Rosario-Wyatt, | : |
|              Plaintiff, | : Civil Action No.: _____ |
|       v. | : |
| Bluestem Brands, Inc. d/b/a Fingerhut; and DOES 1-10, inclusive, | : **COMPLAINT** |
|              Defendants. | : |

For this Complaint, the Plaintiff, Randy W Rosario-Wyatt, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Randy W Rosario-Wyatt ("Plaintiff"), is an adult individual residing in South Yarmouth, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Bluestem Brands, Inc. d/b/a Fingerhut ("Bluestem"), is a Minnesota business entity with an address of 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual agents employed by Bluestem and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Bluestem at all times acted by and through one or more of the Agents.

## FACTS

8. Beginning during the month of December, 2013, Bluestem contacted Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

9. At all times mentioned herein, Bluestem contacted Plaintiff by placing calls to Plaintiff's cellular phone, using an automated telephone dialer system with an artificial or prerecorded voice of 47 U.S.C. § 227(b)(1)(A)(iii), (hereafter "Robocalls").

10. When Plaintiff answered Robocalls from Bluestem, he would hear a prerecorded message instructing him to stay on the line, until he could be connected to a live representative.

11. Frustrated with the frequent Robocalls he was receiving, on January 16, 2014, Plaintiff waited on the line after receiving a call from Bluestem, and was connected to a live representative. During their conversation, Plaintiff requested that Bluestem cease Robocalling his cellular phone attempting to collect.

12. Despite Plaintiff's request, Bluestem continued to harass Plaintiff with Robocalls at a rate of up to four calls on a daily basis, which caused plaintiff to incur significant annoyance and inconvenience.

## COUNT I
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

15. The Defendants initiated communication via telephone with the Plaintiff in excess of two calls in each seven-day period in violation of 940 CMR § 7.04(1)(f).

16. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

19. In the event that Defendants at one time had Plaintiff's consent to contact him on his cellular phone, Plaintiff since revoked his consent to be contacted by Defendants on his cellular telephone by his demand to cease calling his cellular telephone.

20. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Each of the aforementioned calls made by Defendants constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

22. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

26. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

27. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced phone calls.

28. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

29. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

30. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

31. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

2. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

3. Punitive damages; and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 14, 2014

                                        Respectfully submitted,

                                        By  /s/ Sergei Lemberg

                                        Sergei Lemberg (BBO# 650671)
                                        LEMBERG LAW, L.L.C.
                                        1100 Summer Street, 3rd Floor
                                        Stamford, CT 06905
                                        Telephone: (203) 653-2250
                                        Facsimile:  (203) 653-3424
                                        Attorneys for Plaintiff